## COMMONWEALTH *vs.* BARRETT O. NORTON.

Upon the trial of an indictment for being a common seller of intoxicating liquors, testimony that the defendant kept a bar, and was the proprietor of a public house, is competent in connection with evidence tending to show that intoxicating liquors were sold on the premises.

INDICTMENT on *St.* 1855, *c.* 215, for being a common seller and for unlawful single sales of intoxicating liquors.

At the trial in the superior court, *Vose*, J., against the defendant's objection, allowed the district attorney to put the following questions to a witness : " Does the defendant keep a bar ? " *Ans.* " He does." " What is the defendant's business ? " *Ans.* " The defendant is the proprietor of a public house." " Was there any name on or behind the bar; and if so, what name ? " *Ans.* " The name of B. O. Norton was in cut letters behind the bar."

There was other evidence in the case, describing the bar, and tending to show that within and upon the bar were bottles, jugs, and demijohns containing intoxicating liquor; also tumblers, and a tin drainer for tumblers, sugar-bowl and toddy stick ; and that the defendant had made as many as three sales of intoxicating liquors within the time alleged in the indictment. The defendant being convicted, alleged exceptions.

*E. W. Bond,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth, on the authority of *Commonwealth* v. *Madden,* 1 Gray, 486, proposed to enter a *nolle prosequi,* and asked for the concurrence

of the court, as required by *St.* 1855, *c.* 215, § 35, in all cases arising under that act.

BIGELOW, C. J. The objection that the questions were put in such form as to inquire concerning the business of the defendant at the time of the trial, and were not confined to the period alleged in the indictment, does not appear to have been made at the trial. If their object was, by eliciting proof of the subsequent acts or occupations of the defendant, to lead to the inference that he had been previously engaged in the same pursuit, they were incompetent. But it is clear that they were not put with any such design. The substantive acts which the government sought to prove in support of the charge, as appears by the exceptions, were " three sales of intoxicating liquors within the time alleged in the indictment." And it does not appear that any evidence of subsequent acts was relied on. In this respect the case differs from *Commonwealth* v. *Page*, 6 Gray, 361, where the distinct fact of the keeping of liquor after the time averred in the indictment was allowed to be proved against the objections of the defendant. The form of the questions in the present case was open to objection, and it would doubtless have been corrected if that ground had been stated at the trial. But as the case does not show that the questions were put for the purpose of proving acts subsequent to the time laid in the indictment, or that any evidence of such acts was relied on in support of the charge, the defendant was not prejudiced in his rights by the mere form in which the questions were put.

The further objection to the evidence, that it was incompetent to offer proof of the business in which the defendant was engaged, proceeds on a misapprehension of the point decided in *Commonwealth* v. *Madden*, 1 Gray, 486. That case only determined that proof that a defendant kept an inn or public house, unaided by other evidence, could not be relied on as proof to sustain a charge of being a common seller of intoxicating liquors. But it was not decided that all evidence of the occupation or business of the defendant was incompetent. On the contrary, such testimony is clearly relevant and material, as forming a

link in the chain of proof by which the charge of a common seller may be substantiated. Indeed it would be difficult, if not impossible, in many cases to exclude such evidence, because the sale of intoxicating liquors is often carried on in connection with, or as a branch of, another trade or calling in which the defendant is engaged. So it was in the case at bar. The evidence clearly showed that the inn kept by the defendant was used for the sale of liquors contrary to law. *Exceptions overruled.*